Johnson, J.
It is insisted that the trial court erred in overruling the motion of the defendant, made at the close of the plaintiff’s testimony and renewed at the close of all the testimony, to direct a verdict in its favor. It was shown by the evidence that the superintendent of the defendant and deceased, on the morning of the accident, went to the railway station in a single buggy drawn by a colt belonging to the company, to meet the paymaster. On arriving at the station the superintendent directed the deceased to take two guns, which they had brought with them, into the home of the deceased, which was close to the station, and leave them in a safe place until the arrival of. the train. This was done. On the arrival of the train, deceased brought the guns from his house, holding one in each hand, and when he reached the buggy, in which the superintendent and paymaster were sitting, he said to the superintendent, “Mil *187 ler, will you take your gun?” and Miller replied, ‘‘No, Joe, put it under the seat.” One of the guns was a Marlin repeating shotgun and the other was a rifle. While the deceased was pushing, the shotgun under the seat from behind, it was discharged- and he was killed. Two grounds of negligence were alleged in the petition. First, that the defendant furnished an unsafe and fractious colt, which was attached to the buggy and which became unruly, and, second, that the gun furnished to the decedent was defective, unsafe and in a dangerous condition, in that the hammer of the gun rested directly on the firing pin. So far as the colt is concerned the evidence does not show that his actions had much, if. anything, to do with the accident.
But there was very substantial evidence in support of the claim that the gun furnished by defendant to the decedent, and which he was directed to use and dispose of as stated, was defective; that it would stand at fullcock, but when off from fullcock the hammer would lie directly upon the firing pin and that the halfcock would not work. It is conceded that the gun was not produced in evidence and that it was in possession of the defendant company.
If the defendant had produced the gun in court and could have shown by testimony that it was in the same condition when so produced as it was at the time of the accident, it could then have been very easily demonstrated whether it was out of repair or defective as alleged. The gun itself and its condition could have been explained to the jury by experts, and the members of the jury could have *188 inspected it and ascertained its condition. If its absence was regarded by the jury as a significant circumstance the defendant has no cause for complaint on that account.
There was evidence tending to show that when Selman put the gun into the buggy he held it with the muzzle pointing toward him and “shoved it right along on the triggers,” and also that he had some acquaintance with the gun and had the means of knowing its condition. On the other hand, there was evidence that his knowledge of guns was limited and that he had.not such knowledge as to appreciate the possibility of an accidental discharge of such a gun as this, and it was not shown that he had actual knowledge of any defect in this gun if there was such defect.
The determination of all of these issues of fact was a matter entirely for the jury in the light of the evidence, under proper instructions of the court. It is clear that the trial court did not err in overruling the motions of the defendant to direct a verdict in its favor.
A serious question, however, is presented by the charge of the court to the jury.
As already stated, the answer of the defendant contained a general denial of any negligence oh its part, and in the second defense alleged that the death of Selman was caused wholly and solely through his own negligence and fault and without any fault whatsoever on the part of defendant.
Evidence was introduced by both parties on the issue as to negligence of the defendant.
Evidence was also introduced by both parties on *189 the- issue as to whether the death of decedent was caused by his own negligence and fault.
• Each contended to the last that its claim as to these issues was sustained by the preponderance of the evidence.
The court in its charge, after stating the issues made by the pleadings and the general rules that should govern them in the consideration of the issues and in weighing the evidence, said to the jury: “Contributory negligence is not in this case.' It is not plead. It is not claimed. If the- defendant through its negligence brought about the death of this man, plaintiff is entitled to a verdict. If the man’s death came about through his own want of ordinary care, through his own act solely, then the defendant is entitled to your verdict.” Taken together, this was a plain direction that the only negligence of the deceased, which would relieve defendant from liability for negligence on its part, was such an act of negligence by deceased that was the sole cause of his death. It charged out of the case the entire question of contributory negligence and ignored all negligence of the deceased unless it was found to be the only cause of death.
When the jury came to consider all of the evidence it might logically have found that the defendant had been negligent in the furnishing of a defective gun, but that Mr. Selman had himself been careless and negligent in the handling of it, as described by the witnesses, and that these negligent acts concurring had each contributed and together combined to cause the accident. The jury should have been instructed as to the law that should govern them in such event.
*190 The trial court appears to have entertained the view that, as the answer had not pleaded contributory negligence on the part of Mr. Selman, no such issue was in the case and no charge concerning it was necessary or proper, notwithstanding the state of the proof, which had been properly developed on the trial.
. It is insisted by counsel that this course was correctly adopted by the court in view of some decisions by this court which are referred to. It is urged that while the exact situation in this case is not covered by those cases there is sufficient to indicate the correctness of the rule as given to the jury.
The frequency with which the question is presented justifies a review of the cases referred to. There are four, of them, and we think it clear that they are in entire harmony.
In Cincinnati Traction Co. v. Forrest, 73 Ohio St., 1, the petition stated the facts on which plaintiff based his action and averred that plaintiff was free from fault. The answer was simply and only a general denial.
It is distinctly pointed out by the court that contributory negligence was not charged by the answer and that such issue was not raised by the evidence. The entire incident as pleaded by plaintiff was denied by the general denial. The court say: “The element of contributory negligence could not, in the nature of things, become a feature of an event which did not occur at all. From this it follows that there was no issue in the pleadings respecting *191 contributory negligence. Nor was such issue raised by the evidence."
It was therefore held to be error for the court to introduce the element of contributory negligence in its charge to the jury and give instructions thereon.
In Cincinnati Traction Co. v. Stephens, Admr., 75 Ohio St., 171, there was substantially the same situation of pleading and proof as in the Forrest case, supra. The court say: “Excepting the allegation of corporate capacity and proprietorship •md the allegation that the deceased sustained injuries which caused her death on the date alleged, the defendant denied each and every allegation contained in the plaintiffs petition. There was, therefore, no issue of contributory negligence in the pleadings; and in a careful reading of the evidence in the bill of exceptions we have not been able to discover any attempt on the part of the defendant to prove contributory negligence.”
The defense in that case on the trial, was apparently conducted on the theory that the death of deceased was caused by an accident, pure and simple.
It was held to be error in that case for the court to charge at length on the subject of contributory negligence, and that the burden was on defendant to establish it.
The defendant had rested its case on an entirely different claim of fact and law.
In Glass v. The Wm. Heffron Co., 86 Ohio St., 70, there was not simply a general denial, as in the two cases above referred to, but the answer contained, first, a general denial, and, second, a denial *192 that defendant was negligent, followed by an averment that it was by plaintiff’s own fault and negligence that he was injured. There was testimony tending to support the claims of the ‘parties as to both issues. The court charged the jury that ‘‘the burden of proving contributory negligence of the plaintiff is upon the defendant.” It was held by this court that this answer did not raise the issue of contributory negligence, but that it was more than a denial that plaintiff was without fault. “It is an 'averment that the plaintiff’s own negligence was the sole cause of his injury.”
It was further held that in such case, where there is evidence which fairly tends to prove that the defendant was guilty of negligence and also that plaintiff was negligent, it is proper for the court to instruct the jury that if they should find that the defendant was negligent and that stich negligence was 1 he-proximate cause of the injury, and if they should further find that plaintiff was guilty of some negligence, they should then determine whether plaintiff’s negligence was such as combined with defendant’s negligence contributed proximately to the injury; and that it is not prejudicial to defendant, nor erroneous, to instruct the jury that the burden of proving contributory negligence of plaintiff is'on the defendant.'
In Behm v. The C., D. & T. Traction Co., 86 Ohio St., 209, the petition alleged actionable acts of negligence by the defendant. The answer contained a general denial of negligence by defendant, and it further averred that whatever injuries plaintiff received were caused by his own negligence. *193 This was denied in the reply. Evidence was introduced at the trial in support of the claims of each party. The court, after charging the law generally applicable, stated to the jury: “The other issue of fact for your determination is as to whether or nol he himself [plaintiff], by his own acts (the alleged negligence which defendant sets up), contributed to the injury he received.”
The court further charged: “If you find both that the company was negligent, that the negligence was the proximate cause, but if you find also .that the plaintiff by his own negligence contributed to the injuries he received, then, too, you should find in favor of this defendant.”
It was contended that the court erred in the charge so given because there was no issue of contributory negligence in the pleadings.
This court held that because of the state of the ■ pleadings and the evidence on the trial, the charge was proper.
The distinction between the first two and the latter two cases, above referred to, is obvious and substantial.
In each of the former there was neither allegation charging negligence of the plaintiff nor evidence tending to prove such negligence. In the latter there was both allegation and evidence, and this is true as to the case at bar. In the case at bar the court not only did not charge the rules th^t should control the jury, as to contributory negligence, but told them positively that it was not in the case. On the principles upon which the two cases referred to were decided this was error. There *194 was not that impartial submission of the cause which the law requires.
An averment of contributory negligence necessarily implies some negligence on the part of defendant, and there is no arbitrary rule which requires a defendant to elect at his peril, whether or not to plead contributory negligence, if he honestly feels that he has not been negligent at all.
When the evidence on the trial develops a situation in which it is disclosed that the claims of neither of the parties as stated in their pleadings as to proximate cause have been sustained, but that both have been negligent in such essential matters as combined to be the proximate cause of the injury, then it is the duty of the court to instruct the jury as to the law touching the situation so developed. The term to be applied to such combined and concurring acts of the parties is not important or material. The essential thing is that the jury must not be allowed to gain an erroneous conception of the law governing such a situation. And they should surely not be instructed to disregard such a posture when it appears. A defendant may plead as many consistent defenses as he honestly believes he has. He may plead a general denial and aver that if it should develop on the trial that there had been negligence on his part, the plaintiff had by his own negligent conduct contributed to the proximate cause of the injury.
It is urged that as defendant did not request the court to instruct the jury on the question of contributory negligence it cannot be heard to object now. Counsel undoubtedly owe a duty to the trial court, *195 and may by their conduct, or expressly, waive objection to the omission of the court to charge on a question involved in the case. Whether there has been such waiver must manifestly depend on the circumstances of each case. But there was no such waiver here. The court expressly charged on the subj'ect of contributory negligence, and stated that it was not in the case. This was a definite and explicit statement of the court’s views, and counsel for defendant might well assume that a request would be useless. There are other assignments of error. We have considered them all, but do not find them to be so substantial as to have required a reversal of the judgment of the common pleas court.
On account of the error in the charge the judgments below will be reversed and the cause re-' manded to the court of common pleas for further proceedings.

Judgment reversed.

Nichols, C. J., Shauck, Donahue, Newman and Wilkin, JJ., concur.
Wanamaker, J., dissents.